**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**LEON E. ROYBAL,**

     **Plaintiff,**

**v.**                                        **No. 1:24-cv-1264 KG-JHR**

**FRANK BISIGANO,
Commissioner of Social Security,**

     **Defendant.**

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
TO GRANT [14] PLAINTIFF'S MOTION TO REVERSE AND
REMAND FOR FURTHER PROCEEDINGS**

THIS MATTER is before the undersigned on Plaintiff Leon Roybal's Motion to Reverse and Remand [Doc. 14]. The Social Security Administration ("Commissioner") filed a response [Doc. 21] and Roybal replied [Doc. 23]. Presiding U.S. District Judge Kenneth Gonzales referred this matter to me for a recommended analysis and a proposed disposition. [Doc. 20]. I have reviewed the briefing, the record, and the relevant law. For the reasons below, I **RECOMMEND** the Court **GRANT** Roybal's motion and remand the matter for further proceedings.

### I.     **PROCEDURAL BACKGROUND**

Roybal applied for a period of disability and disability insurance benefits on April 16, 2021. AR at 29. He alleged a disability onset date of December 23, 2020. *Id.* His claim was denied initially and upon reconsideration. *Id.* Administrative Law Judge ("ALJ") Ilene Kramer held a video hearing on June 5, 2024, attended by Roybal, his attorney, and an impartial vocational expert. *Id.* The ALJ took testimony from Roybal and the vocational expert. *See* AR at 54-89. The ALJ issued her unfavorable decision on June 26, 2024. *See* AR at 26-53.

In order to qualify for disability benefits, a claimant must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) she is not engaged in "substantial gainful activity"; *and* (2) she has a "severe medically determinable ... impairment ... or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) her impairment(s) either meets or equals one of the Listings of presumptively disabling impairments; *or* (4) she is unable to perform her "past relevant work." 20 C.F.R. § 404.1520(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If she cannot show that her impairment meets or equals a Listing, but she proves that she is unable to perform her "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering her residual functional capacity ("RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

Here, the ALJ found that Roybal met the insured status requirements of the Social Security Act through March 31, 2028. AR at 31. At step one, she found that Roybal had not engaged in substantial gainful activity during the period between his alleged onset date and his date last insured. *Id.* At step two, the ALJ found that Roybal suffered from the following severe impairments: alcoholic cirrhosis of the liver with a history of ascites, esophageal varices, hyperthyroidism, iron deficiency anemia, secondary polycythemia/erythrocytosis, obstructive

sleep apnea, obesity, left knee osteoarthritis, type II diabetes mellitus, essential hypertension, degenerative disc disease of the lumbar spine, and depression. AR at 32. She found Roybal's trigger finger diagnosis was not severe. *Id.*

At step three, the ALJ determined that none of Roybal's impairments, alone or in combination, met or medically equaled a Listing. *Id.* The ALJ therefore went on to assess Plaintiff's residual functional capacity ("RFC"). AR at 35-45. The ALJ found that Roybal could perform a limited range of light work:

> Specifically, the claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk up to six hours in an eight-hour workday, sit up to six hours in an eight-hour workday, and push/pull as much as he can lift/carry. However, the claimant is further limited to occasional climbing of ramps and stairs, never any climbing of ladders (ropes, or scaffolds), occasional balancing, stooping, kneeling, crouching, and crawling, and the avoidance of concentrated exposure to extremes of heat and cold and concentrated exposure to work around hazards (machinery, unprotected heights, etc.). The claimant can understand, remember, carry out, exercise judgment, and sustain concentration, persistence, and pace for extended periods for detailed, but not complex, semi-skilled work.

AR at 37.

At step four, the ALJ found that Roybal was unable to perform his past relevant work as a janitor, a general maintenance worker, and cleaner. AR at 45. Accordingly, the ALJ went on to consider Roybal's RFC, age, education, work experience, and the testimony of the vocational experts at step five. AR at 45-46. She found that Roybal could perform the representative jobs of mail clerk, marker, and laundry folder, which together, exist in significant numbers in the national economy. AR at 46. Ultimately, the ALJ determined that Roybal had not been under a disability as defined by the Social Security Act and denied Roybal's claim. AR at 47. The Appeals Council denied review on October 23, 2024. AR at 1-4. Roybal timely filed the instant action on December 17, 2024. [Doc. 1].

## II.     **STANDARD OF REVIEW**

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). Courts must meticulously review the entire record but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

"The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted).

III.    **ANALYSIS**

Roybal raises several alleged points of error in his motion. I only address the first issue because I find the Appeals Council erred in rejecting the newly submitted evidence. Roybal argues that the Appeals Council erred by failing to consider additional evidence he submitted after the ALJ's unfavorable decision: (1) an August 14, 2024, Medical Assessment of Ability to do Work-Related Activities from Ilango Dharmarajan, CNP, and (2) an August 23, 2024, sleep study record from Christus St. Vincent Regional Sleep Center. [Doc. 14, at 5-14]. Roybal asks the Court to remand the case to allow the Appeals Council to consider the records. *See id.* I agree with Roybal and recommend the Court remand the matter for further proceedings.

**A.      Law Regarding New, Material, and Chronologically Pertinent Evidence.**

Whether evidence qualifies for consideration by the Appeals Council is a question of law subject to de novo review. *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003). Additional evidence is qualified for consideration only if it is new, material, and chronologically pertinent. 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5) (2020). Evidence is new "if it is not duplicative or cumulative" and material "if there is a reasonable possibility that [it] would have changed the outcome." *Threet*, 353 F.3d at 1191 (interpreting an older version of the regulation). Evidence is chronologically pertinent if it relates to the time period adjudicated by the ALJ, which would be on or before the date of the ALJ's decision. *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004). After *Threet* was decided, the regulations were updated to require that "there [be] a reasonable *probability* that the additional evidence would change the outcome of the decision." §§ 404.970(a)(5), 416.1470(a)(5) (emphasis added). This requirement heightens the claimant's burden to prove materiality: whereas the previous test required merely a reasonable *possibility* of changing the outcome, now it requires a reasonable *probability* of changing the outcome. *See Hawks v. Berryhill*, 17CV1021, 2018 WL 6728037, at *4 & n.5 (M.D.N.C. Dec. 21, 2018).

However, the Appeals Council will only consider additional qualifying evidence if good cause is shown for delaying its submission. 20 C.F.R. § 404.970(b). If good cause exists and the Appeals Council fails to consider the qualifying evidence, the case should be remanded so that the Appeals Council may reevaluate the ALJ's decision in light of the complete evidence. *Threet*, 353 F.3d at 1191. However, if the evidence submitted to the Appeals Council does not qualify—i.e., it is immaterial or temporally irrelevant—then the Appeals Council does not consider it, and it "plays no role in judicial review." *Krauser v. Astrue*, 638 F.3d 1324, 1328 (10th Cir. 2011). It is finally important to note that *dismissal* of a request for additional evidence review and the *denial* of a request for review are separate concepts: the Appeals Council will dismiss an untimely request which lacks good cause for missing the deadline. *See Holder v. Berryhill*, No. 17-CV-01206-LF, 2019 WL 2716758, at *4 (D.N.M. June 28, 2019). A dismissal is not subject to further review, unlike a denial. *Emmons v. Saul*, 19-CV-0102, 2020 WL 376708, at *4 (D.N.M. April 4, 2022).

**B.      I Find the Appeals Council Erred in Rejecting Roybal's Additional Evidence.**

1.   Roybal showed good cause for delay in submitting the new evidence.

Roybal first argues that the Appeals Council's denial is reviewable by this Court because it did not find he lacked good cause for delaying submission of his new evidence.  [Doc. 14, at 5, 6].  He explains the Appeals Council denied review because it determined the new evidence was immaterial to the final outcome, in other words, as not qualifying for review under *Threet*. *Id.* at 6. Thus, Roybal urges the rejection of the additional evidence is subject to the Court's de novo review. *Id.* at 6-7. The Commissioner's brief does not address this particular argument, but pivots to arguing the merits of immateriality as well as substantial evidence for the overall decision. *See* [Doc. 21 at 12-14]. Roybal replies that the Commissioner "does not respond to Mr. Roybal's good

cause argument, as well as many of Mr. Roybal's arguments, amounting to a concession." [Doc. 23, at 2].

I agree with Roybal. I find that Roybal showed good cause for delaying submission of the additional evidence because it "could not have been submitted to the ALJ prior to [her] decision because it did not yet exist." *Emmons*, 2020 WL 376708, at *5. I also agree that the Appeals Council's denial (not dismissal) of review shows it found good cause for Roybal not submitting the evidence sooner. *See* 20 C.F.R. § 404.970(b); *see also* AR at 1 (Notice of Appeals Council Action stating "We Have Denied Your Request for Review, explaining "[w]e found no reason under our rules to review the [ALJ's] decision. Therefore, we have denied your request for review"). The Commissioner's arguments are inapposite. Because the Appeals Council denied review based on non-qualification, I find it proper to proceed to the de novo analysis of whether the Appeals Council's rejection constituted error. *See Emmons*, 2020 WL 376708, at *5.

    2.  <u>The additional evidence is new, chronologically pertinent, and material and should be considered upon remand.</u>

Neither party disputes that Roybal's medical source statement and sleep study are new. *See* [Doc. 14, at 9, 10]; [Doc. 21, at 12, 13]. I find the evidence is new because it was not presented to the the ALJ, and because it is not duplicative or cumulative of the evidence already in the record. *See Barone v. Kijakazi*, 21-CV-0068, 2022 WL 1239956, at *4 (D.N.M. Apr. 27, 2022).

Nor do the parties dispute that the newly submitted evidence is chronologically pertinent. To underscore this, Roybal points out that CNP Dharmarajan's medical source statement instructed him to consider medical history "from one year prior to the initial visit to current examination" on August 14, 2024. [Doc. 14, at 9]; AR at 24. The sleep study occurred the next week, on August 23, 2024, and relates to sleep apnea, a severe impairment before the ALJ. AR at 21, 32. Thus, the

evidence relates to the period before the ALJ's June 26, 2024, decision, which I find suffices to show chronological pertinence. AR at 47; *See Chambers*, 389 F.3d at 1142.

Materiality is where the parties disagree. I find Roybal's arguments persuasive. CNP Dharmarajan's medical source statement opines that Roybal has a litany of greater physical and mental limitations than those assessed by the RFC. [Doc. 14, at 9, 10]; AR at 24, 25. These limitations would require Roybal to take more breaks at work, miss more days at work, and be off task at work more than normally tolerated in order to relieve pain or discomfort from his severe impairments (e.g., arthritis, sleep apnea, obesity). [Doc. 14, at 9, 10]. The sleep study revealed untreated sleep apnea and "significantly fractured" sleep patterns also necessitating work limitations. *Id.* at 11, 12 (citing AR at 21). Roybal explains that the current RFC does not account for these limitations accounting for greater absenteeism or additional breaks from work. Nor does the RFC limit handling or fingering as the medical source statement recommends. Roybal contends these omissions are harmful because the vocational expert testified that needing additional breaks or days off is "work preclusive." *Id.* at 13; AR at 85. Moreover, the limitation to occasional handling and fingering would yield the same, Roybal emphasizes, because "all three [Step Five jobs] would be removed" in that event. *Id.* at 13; AR at 85.

The Commissioner's response does not address Roybal's harmful error argument. Rather, the Commissioner relies on a string citation inviting the Court to reweigh the evidence to find that the limitations endorsed by the new evidence are inconsistent with "largely normal exam findings and exams by other medical sources." [Doc. 21, at 13]. "In light of the record," the Commissioner summarily continues, Roybal "cannot show that the post-decision evidence overwhelmingly contradicts the evidence discussed and considered by the ALJ." *Id.* at 14.

8

I find that the newly submitted evidence is material and has a reasonable probability of changing the outcome of the case. Both the sleep study and the medical source statement's limitations are more restrictive than those the ALJ imposed. And the vocational expert's testimony—which the Commissioner failed to address-- supports finding materiality because none of the Step Five jobs would remain if the new limitations were incorporated into the RFC. The medical source statement and sleep study address impairments the ALJ deemed severe and their assessed limitations find consistency and support in the record, including from several other provider opinions. Overall, the Commissioner's arguments gloss over Roybal's points, particularly regarding the vocational expert's testimony endorsing harmful error, and do not undermine the materiality of the medical source statement or sleep study. *See Barone*, 2022 WL 1239956, at *4. I thus find Roybal's additional evidence has a reasonable probability of triggering a different outcome.

### IV.   <u>CONCLUSION AND RECOMMENDATION</u>

I therefore **RECOMMEND** that the Court **GRANT** Roybal's Motion to Reverse and Remand [Doc. 14] based on the first argument and **REMAND** for further proceedings. I do not reach the other arguments as they may be affected on remand.

HON. JERRY H. RITTER
United States Magistrate Judge

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**